IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KIM WOLPERT, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 08-4849 (JBS/KMW) |
| v. | |
| ABBOTT LABORATORIES, | **MEMORANDUM OPINION** |
| Defendant. | |

**SIMANDLE**, District Judge:

    This matter is before the Court upon Defendant's motion to file confidential materials under seal [Docket Item 66] and Defendant's letter request to seal materials attached to Plaintiff's opposition to summary judgment [Docket Item 86]. THIS COURT FINDS AS FOLLOWS:

    1.  In this action, Plaintiff Kim Wolpert alleges that she was passed over for a promotion and subsequently terminated from her job by Defendant for discriminatory reasons in violation of the New Jersey Law against Discrimination, the federal Family and Medical Leave Act, and the New Jersey Family Leave Act.

    2.  On February 3, 2011, Defendants filed the instant motion to file confidential materials under seal pursuant to Local Civil Rule 5.3(c) [Docket Item 66] and simultaneously, a motion for summary judgment pursuant to Fed. R. Civ. P. 56 [Docket Item 67]. Defendants seek to file under seal 24 documents in their entirety and to redact portions of an additional document -- approximately

1,000 pages of documents, comprising nearly 50% of the total pages submitted in support of Defendant's motion for summary judgment.  The confidential information in these documents falls into three categories: (1) identifying information regarding the pregnancy of non-parties, (2) identifying and performance-related information about Abbott employees who are non-parties, and (3) sales and other financial information about Abbott, unrelated to the present litigation.

    3.    Further, Defendant identifies seven documents also containing confidential information that were submitted by Plaintiff in opposition to summary judgment, attached to the certification of Bruce McMoran [Docket Item 83].  Specifically, Defendant identifies exhibits 28, 29, 30, 31, 32, 34 and 36 to the McMoran certification, approximately 170 pages of documents. Defendant asserts that exhibits 29 and 32 are identical to documents included in Defendant's February motion to seal, and that the other five documents contain similarly confidential information that it requests the Court also order sealed.  The categories of information in these documents appear to include the second and third categories above: identifying and performance-related information about non-party employees, and sales and financial figures.

    4.    Defendant argues in its reply brief that the public release of this information would harm the non-party individuals

named, hurt Abbott competitively, and would serve no public purpose.

 5. The Court will deny Defendant's motion for a sealing order regarding Defendant's own documents.  A court in this District has summarized the well-settled considerations that govern the Court's review of a motion to seal documents as follows:

> It is well established that there is "a common law public right of access to judicial proceedings and records." In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001).  In order to overcome the presumption of a public right to access, the movant must demonstrate that "good cause" exists for the protection of the material at issue. Securametrix, Inc. v. Iridian Technologies, Inc., No. 03-4394(RBK) 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006).  Good cause exists when a party makes a particularized showing that disclosure will cause a "clearly defined and serious injury to the party seeking closure." Id. (citing Pansy v. Boro of Stroudsberg, 23 F.3d 772, 786 (3d Cir. 1994)).  The applicable requirements to seal documents [are] set forth in L. Civ. R. 5.3, which requires that a motion to seal describe (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available.

Schatz-Bernstein v. Keystone Food Products, Inc., No. 08-3079, 2009 WL 1044946, at *1 (D.N.J. Apr. 17, 2009).

 6. Having examined the documents themselves and the circumstances presented herein, the Court does not find that Defendant has overcome the presumption favoring a public right to access court records to justify the order they seek.

7. While Defendant has met its burden[1] of identifying with specificity the documents at issue, the legitimate private interests at stake, and the clearly defined and serious injury that could result from public disclosure of this information, the Defendant has not adequately met its burden under the fourth prong of L. Civ. R. 5.3(c)(2) by explaining in any way "why a less restrictive alternative to the relief sought is not available."  For example, while Defendant seeks to redact the entirety of Exhibit P to the Declaration of Jeffrey P. Catenacci, described in Defendant's brief, succinctly, as an "internal Abbott email", the Court notes that, immediately following, in Exhibit Q to the Declaration of Mr. Catenacci, the contents of that email are discussed in great particularity, including the names of employees who are not parties to this litigation. (Catenacci Decl. Ex. Q at 52:7 - 56:6.)

---

[1] The Court notes that Defendant frequently implies in its reply brief that it is the Plaintiff who is demanding justification for the order to seal, and only the Plaintiff's opposition to an order to seal that has created this dispute. This is incorrect.  The moving party bears the burden of justifying the confidentiality of each item sought to be sealed, and it is the duty of the District Court to make independent findings, balancing the competing public and privacy interests before entering a proposed order to seal documents.  Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994).  The Court's conclusion in this case would have been no different had Plaintiff not opposed Defendant's motion.  See Huertas v. Galaxy Asset Mgmt., Civ. No. 09-2604, 2010 WL 936450 (D.N.J. Mar. 9, 2010) (denying unopposed motion to seal).

8. The Court finds that the legitimate private interests Defendant has identified can adequately be protected by a less restrictive means: namely, redaction. Rather than simply remove the more than 1,000 pages of documents in their entirety, the Court has concluded that these documents can be submitted with the personally identifying information and sales or revenue figures redacted. For example, in Hicks v. Wegmans Food Market, Civ. No. 09-624, 2011 WL 499368 (D.N.J. Feb. 10, 2011), a case cited by Defendant for the proposition that private individual medical records can be subject to seal, the Court notes that the proposed sealing order sought to seal only redacted portions of documents rather than documents in their entirety.

9. With regard to the seven documents submitted by Plaintiff in her opposition, the Court concludes upon its own inquiry that these documents also appear to include personally identifying information about non-parties, performance data and personal recommendations of non-parties, and sales figures potentially damaging to Abbott's competitiveness. Consequently, the Court will grant Defendant's letter motion to seal these documents and will order Plaintiff to resubmit these documents with all personally identifying information (including but not necessarily limited to names, phone numbers, and addresses) and sales or revenue figures redacted.

10. For the reasons set forth above, Defendant's motion for a sealing order will be denied. In light of the Court's recognition that a more narrowly tailored sealing order might be appropriate in this case, the Court will deny Defendant's motion without prejudice, and will permit the unredacted documents [Docket Items 68-71] to remain under seal for fourteen (14) days after the entry of the accompanying Order, to permit Defendant to submit a new motion to seal and a more tailored set of redactions. The accompanying Order will be entered.


**March 25, 2011**                                             **s/ Jerome B. Simandle**
Date                                                                          JEROME B. SIMANDLE
                                                                                  United States District Judge